IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

BENNIE AUSTIN MACK, JR.,

          Plaintiff,

v.                                                CIVIL ACTION NO.   5:15-cv-03589

OFFICER CHARLES TURNER, et al.,

          Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the *pro-se Plaintiff's Request for Reconsideration of Court's 3/14/16 Order Denying Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (Document 25), Based on New Evidence* (Document 42), the *Plaintiff's Request for Access to the Courts* (Document 46), the *Defendants' Response to the April 7, 2016 Order* (Document 48), and the *Plaintiff's Reply to Defendant's Response to the April 7, 2016 Order* (Document 52). Though the Plaintiff styled his first motion as a motion for reconsideration, the Court will treat the motions collectively as a new motion for injunctive relief, as the factual allegations are distinct from those in the previous motion for injunctive relief.

The Plaintiff, an inmate at FCI-Beckley, with a pending civil rights claim against prison employees, asserts that he was "placed into segregated housing and denied access to the law library, legal materials and his legal case files and legal books and periodicals." (Pl.'s Mot. for Reconsideration at 2.) He claims that the Bureau of Prisons (BOP) did not provide him with a reason for placing him in segregated housing. In addition, he claims that other inmates are also

being held in segregated housing in retaliation for lawsuits against the BOP or its employees. The Plaintiff argues that his ability to pursue his lawsuit is hampered by the lack of access to legal resources and to a typewriter or word processor, which his "arthritic right arm and a severely sprained right wrist" necessitate. (Pl.'s Mot. for Access to Courts, at 2.)

The Court requested that the Defendants file a response with the reason for the Plaintiff's placement in segregated housing and the status of his access to legal resources. The Defendants explain that the Plaintiff is housed in administrative detention "pending investigation into camp inmates' allegations that Plaintiff was running a business representing himself to be a licensed attorney and charging inmates for legal services through his outside business." (Def.s' Resp. at 1.) The Defendants further assert that the Plaintiff is permitted to keep a reasonable quantity of legal materials in his cell, and is permitted to visit the Special Housing Unit (SHU) law library periodically by adding his name to a list. According to the Defendants' records, the Plaintiff has been able to spend about one hour per week in the SHU law library.

In his reply, the Plaintiff contests the allegation that he pursued an outside business and asserts that the investigation is motivated by a desire to retaliate against him for pursuing the instant litigation.[1] He also states that he has been permitted only four hours in the law library during the eight weeks he has been in administrative detention. He indicates that he "normally spends an average of 4 hours per day in the law library outside of segregation." (Pl.'s Reply at 15.) He argues that "[w]ithout access to necessary legal material, a functioning typewriter, and a functioning printer, along with a reasonable amount of law library time, the Plaintiff's

---

1 The Plaintiff has attached a declaration from a fellow inmate who previously shared a cell with one of the individuals who complained of the Plaintiff's alleged legal services business. According to the declarant, the complaining inmate reported that the individual investigating the Plaintiff stated that she was glad to see a complaint against the Plaintiff because prison officials wanted to retaliate for the instant lawsuit.

2

constitutional guaranty of due process and equal protection under the law is being egregiously violated." (*Id.* at 16.)

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Plaintiffs must satisfy all four requirements. *JAK Prods., Inc. v. Bayer*, 616 F. App'x 94, 95 (4th Cir. 2015) (unpublished, per curiam opinion).

Prison inmates have a right to access the courts. *Bounds v. Smith,* 430 U.S. 817, 822 (1977). As with most prison functions, however, prison officials retain wide latitude in administering programs and resources related to the right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 356-57 (1996); *Gaston v. Taylor*, 946 F.2d 340, 343 (4th Cir. 1991) (en banc). To prevail on a claim that prison officials have denied him access to the courts, the Plaintiff would have to "demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Lewis*, 518 U.S. at 351 (establishing an actual injury requirement for legal access claims).

The Court has already ruled on motions for summary judgment in this case. In the *Memorandum Opinion and Order* (Document 40) ruling on the United States' motion, the Court fully set forth the legal standards governing the Plaintiff's remaining claims. The remaining dispute to be decided by the jury is primarily factual in nature. The Court's scheduling order provides for any discovery the parties need to conduct, followed by motions *in limine* and trial. Given the current status of the case, with most substantive legal issues resolved, relatively little legal research is necessary at this point to permit the Plaintiff to pursue this litigation. Therefore,

3

while the Court makes no general findings with respect to the BOP's procedure for permitting inmates in the Special Housing Unit (SHU) to access a law library, the Court finds that Mr. Mack's right to access the courts has not been impacted by the limitations on his time in the law library.[2] Further, the docket reflects that the Plaintiff has been able to continue filing documents with the Court. Therefore, the Court finds that the Plaintiff has suffered no injury related to any limitations on his access to legal resources, mailing materials, or a typewriter.

The Court further finds that injunctive relief is not appropriate as to the Plaintiff's allegation that the BOP has housed him in administrative detention in retaliation for his pursuit of this suit. If the Plaintiff had not been provided with the reason for his placement in administrative detention, the United States' response sets forth those reasons in detail. The Court cannot interfere with an inmate's housing assignment under the circumstances presented, prior to the full litigation of any claim for retaliation.[3] While being housed in administrative detention is undoubtedly unpleasant, the Court cannot find that the plaintiff is "likely to suffer irreparable harm in the absence of preliminary relief," as is required for injunctive relief. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

Wherefore, following careful consideration, for the reasons stated herein, the Court **ORDERS** that the *Plaintiff's Request for Reconsideration of Court's 3/14/16 Order Denying Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (Document 25)*,

---

[2] The Plaintiff has also complained of his lack of access to a working typewriter or word processor. While his filings demonstrate that he is able to access the courts with handwritten documents, the Court notes that providing inmates with a typewriter or word processor permits the United States and reviewing courts to more efficiently review inmate filings.

[3] The parties' filings indicate that the prison has yet to administratively resolve the allegations against Mr. Mack. Further, no retaliation claim is formally before the Court at this point.

*Based on New Evidence* (Document 42), and the *Plaintiff's Request for Access to the Courts* (Document 46) be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

    ENTER:    April 29, 2016

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA