IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

BENNIE AUSTIN MACK, JR.,

          Plaintiff,

v.                                              CIVIL ACTION NO.   5:15-cv-03589

OFFICER CHARLES TURNER, et al.,

          Defendants.

**ORDER**

The Court has reviewed the Magistrate Judge's *Proposed Findings and Recommendation* (PF&R) (Document 91), the Defendants' *Objections to Report and Recommendation* (Document 92), and the underlying briefing, together with all attached exhibits.

The Court previously considered a motion for summary judgment filed by the Defendants, and found that genuine issues of material fact precluded summary judgment with respect to the Plaintiff's claims for excessive force and bystander liability, and the (remaining) Defendants' qualified immunity defense.  (*See Memorandum Opinion and Order*, Document 40.)   Though the parties have since completed additional discovery, no new material alters the Court's previous evaluation.   The Plaintiff continues to claim that Mr. Turner punched him repeatedly in the groin and all over his body while the other Defendants watched. The Defendants have produced additional evidence to support their assertion that Mr. Turner conducted a routine pat search.   The Court cannot properly weigh the evidence, nor can it make credibility determinations.   In short, the new material and arguments do not resolve the genuine dispute(s) of material fact(s).   As the

Court's reasoning was fully set forth in its prior opinion, the Court finds that a more thorough opinion is unnecessary with respect to the Defendants' substantive motion for summary judgment.

The Defendants also sought dismissal based on the Plaintiff's failure to make initial disclosures, arguing that he had not disclosed evidence of his damages, and would therefore be precluded from introducing any such evidence. The Magistrate Judge found that the Defendants had not presented any evidence supporting sanctions. The Defendants assert that they did not seek sanctions pursuant to Rule 37 of the Federal Rules of Civil Procedure, but sought summary judgment based on the Plaintiff's failure to disclose as ordered in the Court's *Scheduling Order* (Document 50). The Court's scheduling order required the parties to complete "[a]ll discovery, including disclosures required by Fed. R. Civ. P. 26(a)(1) and (2)…by August 15, 2016." (Document 50.) However, Rule 26(a)(1)(B)(iv) provides that "an action brought without an attorney by a person in the custody of the United States" is exempt from initial disclosures. Under these circumstances, the requirements of the scheduling order, read in conjunction with the Federal Rules of Civil Procedure, were not sufficiently clear to support sanctioning a pro-se plaintiff for failure to make initial disclosures. Further, as the Magistrate Judge noted, any claim of prejudice by the Defendants is much weakened by their failure to file a motion to compel the Plaintiff to produce the information they seek. Summary judgment based on the Plaintiff's failure to disclose must be denied.

Finally, the Defendants argue that the Court entered judgment on the Plaintiff's claims under the Federal Tort Claims Act, barring any judgment on *Bivens* claims brought on the same grounds. The Plaintiff has consistently disclaimed any intention of seeking relief pursuant to the Federal Tort Claims Act. Thus, the judgment bar is not applicable.

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the Defendants' *Objections to Report and Recommendation* (Document 92) be **OVERRULED** and that the Magistrate Judge's *Proposed Findings and Recommendation* (PF&R) (Document 91) be **ADOPTED.** The Court further **ORDERS** that *Defendant Stock's Motion for Summary Judgment* (Document 66), *Defendant Elmore's Motion for Summary Judgment* (Document 68), and *Defendant Turner's Motion for Summary Judgment* (Document 70) be **DENIED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: January 18, 2017

*[signature]*
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA