IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

BENNIE AUSTIN MACK, JR.,

        Plaintiff,

v.                                                    CIVIL ACTION NO.  5:15-cv-03589

OFFICER CHARLES TURNER, et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the *Plaintiff's Motion for Reconsideration of Court's Order of Dismissal for Failure to Prosecute Based on Plaintiff's Excusable Neglect* (Document 105), the *Defendants' Response* (Document 106), and the *Plaintiff's Reply to the Response of the Defendants to Plaintiff's Motion for Reconsideration of Court's Order of Dismissal for Failure to Prosecute Based on Plaintiff's Excusable Neglect* (Document 107).  On January 25, 2017, after the Plaintiff failed to appear at the Pretrial Conference and Final Settlement Conference scheduled for 9:00 a.m., the Court entered an *Order of Dismissal* (Document 104), granting the Defendants' oral motion to dismiss for failure to prosecute.  As the Court noted in that order, the Plaintiff left a voicemail for the law clerk assigned to his case at 1:42 p.m., on January 25, 2017, stating that he believed an attorney he had contacted would appear at the hearing.[1]  The Plaintiff now seeks reconsideration of the dismissal of his claims.

---

1 The complete message was as follows:
    "Ms. Wildfire, good morning, this is Bennie Austin Mack.  I have a case before Judge Berger.  I was looking online, on PACER, and I saw that there was a pre-trial conference scheduled for this morning.  I had been in contact with attorney

## ARGUMENT

The Plaintiff asserts that he did not receive the Court's *Scheduling Order* (Document 50), entered on April 11, 2016, but instead learned of deadlines and requirements only through the Defendants' pleadings.  He states that he did not receive mail from the Court while he was in segregated housing at FCI-Beckley from February 29, 2016 through September 8, 2016.  He indicates that he learned of various filings only when he reviewed his case on PACER on January 25, 2017.  He claims that he first saw the Court's *Scheduling Order* (Document 50) on January 27, 2017, when he retrieved it from PACER.  The Plaintiff further states that he sought representation from attorney Dwight Staples following mediation on January 17, 2017, and expected Mr. Staples to contact him within a day, but had not heard from him as of January 27, 2017.

The Defendants filed a response, pointing out that believing an attorney would attend does not excuse the Plaintiff's failure to attend in person, as required by the Court's scheduling order. In addition, the Defendants noted the conflict between the Plaintiff's voicemail, asserting that he believed an attorney would be present, and his motion, wherein he argued that he was unaware of the hearing date.  They argue that even if the Plaintiff only learned of dates and deadlines through pleadings filed after his release from segregated housing on September 8, 2016, at least two such filings included the January 25, 2017 date of the Pretrial Conference.  (Resp. at 2-3, citing

---

Dwight Staples, and I guess he and I got our signals crossed.  I was under the impression that he would be attending.  Obviously, he did not.  I just wanted to call and let the Judge know that I was not ignoring that requirement to be there. I just got my signals crossed with Mr. Staples.  If you would contact me and let me know what we can do to resolve this in some way, I would appreciate it.  I certainly would not want the Court to think in any way that I'm disrespecting their edicts or orders.  I can be reached at 919-986-1972.  My email address is bamackjr@gmail.com.  Thank you very much.  I'll be awaiting your call."

Documents 74 and 93.) The Defendants further indicate that they contacted the PACER Service Center and learned that the Plaintiff opened a PACER account in December 2016, though they were unable to learn the details of when he accessed his account.

In his reply, the Plaintiff notes that he expressed concern that the Defendants and others at the Bureau of Prisons would interfere with his ability to prosecute this case in a *Motion for Temporary Restraining Order and Preliminary Injunction* (Document 25). He again states that he did not receive the Court's scheduling order. He argues: "It is obvious, given the defendants' numerous motions for dismissal based on the Plaintiff's non-compliance with the dictates of the 'Scheduling Order,'" that the defendants through and by their agents and/or assigns willfully and designedly attempted to obstruct justice by denying the Plaintiff access to his legal mail and by unjustifiably placing the Plaintiff in Segregated Housing to restrict his ability to prosecute the case at bar." (Reply at 4.) He also again states that he "was under the impression that Attorney Dwight Staples was working on [his] behalf, although Attorney Staples had not given the Plaintiff any written affirmation of acceptance of the case." (*Id.* at 2.) Indeed, according to the Plaintiff's account, Mr. Staples met with the Plaintiff, requested additional documentation regarding the case, and stated he would contact the Plaintiff to inform him of whether he would agree to represent him. The Plaintiff did not hear from Mr. Staples until February 2, 2017, when Mr. Staples informed him that he would not represent him.

**DISCUSSION**

The Court finds that the Plaintiff's contradictory and self-serving explanations do not provide grounds for reconsideration of the dismissal of this action for failure to prosecute. The

Plaintiff's assertions do not meet the standard for excusable neglect, nor is there any other justification that would warrant reconsideration of the Court's order dismissing this matter. Excusable neglect is an equitable concept, and courts may consider a variety of factors, including "the danger of prejudice to [the opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."  *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993) (considering excusable neglect in the bankruptcy context, with reference to the similar standards in the Federal Rules of Civil Procedure).  Prejudice to the opposing party and the division of fault between a client and his attorney are also considerations cited by the Fourth Circuit for dismissals for failure to prosecute. *Bush v. U.S. Postal Serv.*, 496 F.2d 42, 44 (4th Cir. 1974).

      The Plaintiff's previous failure to meet discovery and pre-trial obligations enhanced the importance of the pre-trial conference as a final opportunity for the Defendants and the Court to obtain the information that would normally be provided in a proposed pretrial order and other disclosures.  Consequently, his failure to appear was particularly prejudicial to the Defendants. This Court issued an order less than two weeks before the pretrial conference, warning the Plaintiff that failure to produce certain information long sought by the Defendants, including disclosures and a pretrial order, could result in dismissal.  (Document 98).  Though he filed a document providing some of the requested information (Document 102), no pretrial order was filed, and the Defendants might reasonably have sought additional information based on the disclosures.  With trial scheduled to begin less than two weeks after the pretrial conference, the prejudice to the Defendants could not easily be remedied.

4

Because the Plaintiff is *pro-se*, notwithstanding his recent attempt to obtain counsel, there is no concern here regarding the potential injustice to a party who relied on an attorney to handle a case appropriately and remained unaware of negligent conduct. The Plaintiff was released on November 25, 2016, per the Inmate Locator of the Bureau of Prisons website. The Defendants indicate he opened a PACER account in December 2016. Even without that account, he could have sought a docket sheet[2] and any documents he had not received by writing to the Clerk of the Federal District Court for the Southern District of West Virginia, as inmates and *pro-se* litigants routinely do. As the Defendants point out, two motions that they sent to the Plaintiff included the date of the pretrial conference. In short, even if the Plaintiff did not receive the scheduling order, he should have known about the pretrial conference. At the very least, he had information that should have prompted him to seek any documents he had not received.

Further, the Plaintiff's explanations for his failure to appear are inconsistent, which suggests that he is not acting in good faith. His voicemail states that he believed an attorney would attend the hearing.[3] His motion for reconsideration states that he did not know about the hearing. His reply to the Defendants' response shifts the blame to the Defendants for allegedly preventing him from receiving mail while he was in segregated housing. The Plaintiff suggests that he should not be held responsible for complying with Court orders and deadlines because he sought counsel in the weeks before trial—despite not having received any indication that the attorney would accept the case. As noted above, the Defendants had filed several motions to

---

[2] The docket sheet, whether viewed on PACER or in paper form provided by the Clerk's Office, includes the date of the pretrial and final settlement conference within the description of the scheduling order, even without reviewing the full document.
[3] The scheduling order clearly requires that parties, as well as attorneys, be present at the pretrial conference and final settlement hearing.

5

dismiss and for sanctions based on the Plaintiff's failure to comply with deadlines and disclosure requirements, which should have prompted a more serious attempt to comply with such deadlines.

Further, failure to appear at the pretrial conference and comply with deadlines so late in the case is particularly disruptive to the judicial proceedings. Maintaining the case following the Plaintiff's failure to appear at the pretrial and final settlement conference would likely have required continuing the trial date. Although the Court recognizes the legal preference for resolving cases on their merits, given the prejudice to the Defendants, and the Plaintiff's inconsistent explanations, the Court cannot find excusable neglect. The Court, therefore, finds that the Plaintiff's motion for reconsideration should be denied.

## CONCLUSION

WHEREFORE, after thorough review and careful consideration, the Court **ORDERS** that the *Plaintiff's Motion for Reconsideration of the Court's Order of Dismissal for Failure to Prosecute Based on Plaintiff's Excusable Neglect* (Document 105) be **DENIED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: March 3, 2017

_____
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA